# Exhibit B

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter the "Settlement Agreement") is made and entered into by and among The WOLF Organization, Inc. (hereinafter, "WOLF"), and CEVN Corporation (hereinafter, "CEVN") and Joseph DeRogatis (hereinafter, "DeRogatis"). WOLF and CEVN and DeRogatis are hereinafter sometimes collectively referred to as the "Parties" or individually as a "Party."

### Recitals

**WHEREAS**, the Parties to this Settlement Agreement now desire to place to rest all further controversy and to compromise their claims and differences, upon the terms and conditions set forth hereafter, without any admission of wrongdoing on either Party's part.

### Terms and Conditions

**NOW, THEREFORE**, in consideration of the promises and undertakings contained herein, the Parties hereto, intending to be legally bound hereby, covenant and agree as follows:

1.    All recitations and definitions of the Parties set forth above are incorporated herein as material provisions of this Settlement Agreement.

2.    The "Execution Date" of this Settlement Agreement shall mean and refer to the date upon which this Settlement Agreement is signed by whichever is the last Party to sign it.

3.    Within seven (7) days of the Execution Date, WOLF shall deliver to Joseph DeRogatis a check made payable to CEVN in the amount of twenty-five thousand dollars ($25,000).

4.    CEVN and DeRogatis, do for themselves and (if any there be) their respective subsidiaries, divisions, affiliated entities, predecessors, successors, insurers, assigns, officers, directors, employees, agents, representatives, heirs, and executors (collectively, the "CEVN

Releasors"), hereby release, remise, and forever discharge WOLF and (if any there be) WOLF's

subsidiaries, divisions, affiliated entities, predecessors, successors, insurers, assigns, officers,

directors, employees, attorneys, agents, representatives, and past or present customers and

dealers and manufacturers who have sold or sell products distributed by WOLF (collectively, the

"WOLF Releasees") from any and all actions, causes of action, claims, demands, payments,

debts, covenants, warranties, contracts, agreements, demands for contribution, demands for

indemnity, demands for injunctive relief, costs, and all damages whatsoever, at law or in equity,

whether known or unknown, which the CEVN or DeRogatis or any of the CEVN Releasors now

has, has had, or could in the future have against any WOLF Releasee for or by reason of any

actual or alleged act, omission, matter, agreement, transaction, contract, representation,

statement, deal, practice, conduct, or thing, whether known or unknown, accrued or unaccrued,

first occurring or arising prior to the Execution Date of this Settlement Agreement. Any claim

that may arise under this Settlement Agreement is not so released.

5.      Neither WOLF nor any of its dealers or customers shall be required, by this

Agreement or otherwise, to remove or replace any WOLF decking product display or

advertisement, regardless of the color or pattern of the product used or depicted, including but

not limited to the CEVN pattern. To the extent the CEVN pattern was used prior to the

Execution Date of this Settlement Agreement in product displays or advertisements of WOLF

decking products, and such use continues after the Execution Date of the Settlement Agreement,

CEVN and DeRogatis and the CEVN Releasors release WOLF and the WOLF Releasees

(including WOLF'S past or present customers and dealers and manufacturers) from all claims

arising from such continued use, and WOLF and the WOLF Releasees shall not be liable now or

in the future to CEVN or DeRogatis or the CEVN Releasors for any damages or injunctive relief, or any other remedy or relief, for such continued use.

6.      WOLF, for itself and (if any there be) its subsidiaries, divisions, affiliated entities, predecessors, successors, insurers, assigns, officers, directors, employees, attorneys, agents, and representatives (collectively, the WOLF Releasors"), hereby releases, remises, and forever discharges CEVN and Derogatis, and (if any there be) their respective subsidiaries, divisions, affiliated entities, predecessors, successors, insurers, assigns, officers, directors, employees, agents, representatives, heirs, and executors (collectively, the "CEVN Releasees"), from any and all actions, causes of action, claims, demands, payments, debts, covenants, warranties, contracts, agreements, demands for contribution, demands for indemnity, costs, and all damages whatsoever, at law or in equity, whether known or unknown, which WOLF or any WOLF Releasor now has, has had, or could in the future have against any CEVN Releasee for or by reason of any actual or alleged act, omission, matter, agreement, transaction, contract, representation, statement, deal, practice, conduct, or thing, whether known or unknown, accrued or unaccrued, occurring or arising prior to the Execution Date of this Settlement Agreement. Any claim that may arise under this Settlement Agreement is not so released.

7.      CEVN and DeRogatis, and any entity managed or controlled by either of them, and the CEVN Releasees, shall: (a) immediately cease and desist using, and shall not attempt to register, the marks or words "TimberWOLF" or "WOLF" in any stylization, any mark, phrase or word including or incorporating the word "Wolf" in any stylization, or any design, logo or depiction of a wolf or animal that could be reasonably mistaken for a wolf in connection with any product, service, business, or venture; (b) immediately cease and desist using, and shall not attempt to register, the marks "Tropical Hardwood Collection," "Amberwood," "Rosewood,"

"Weathered Ipe," and any of the trademarks, color names or pattern names used by WOLF in connection with its decking products; and, (c) without limiting the foregoing Section 7(a) or Section 7(b), CEVN and DeRogatis shall remove from any Facebook page(s), and all other social media platforms or other advertising owned or controlled by them, all uses of the trademarks and terms identified and referenced in Section 7(a) and Section 7(b). CEVN and DeRogatis understand and acknowledge that any breach of this provision of this Settlement Agreement will cause irreparable harm to WOLF, such that, upon proof of such breach, WOLF would be entitled to injunctive relief, including immediate, emergency, special, preliminary, and permanent injunctive relief, as well as any monetary damages caused by such breach.

8.      CEVN and DeRogatis each agree that each of them, and their successors, agents and representatives, shall not disparage, or cause to be disparaged, WOLF or any of its successors, officers, directors, employees, agents, representatives, products, or past or present customers or dealers who have sold or sell products distributed by WOLF. CEVN and DeRogatis understand and acknowledge that any breach of this provision of this Settlement Agreement will cause irreparable harm to WOLF, such that, upon proof of such breach, WOLF would be entitled to injunctive relief, including immediate, emergency, special, preliminary, and permanent injunctive relief, as well as any monetary damages caused by such breach.

9.      The Parties agree that nothing in this Settlement Agreement, and all negotiations, statements and documents related thereto, shall be construed as, or deemed to be, an admission of wrongdoing or liability by any Party hereto, or by any current or former officers, directors, employees, attorneys, agents, representatives, successors or assigns. The Parties agree that this Settlement Agreement shall not be admissible in any suit or proceeding whatsoever as evidence of or as an admission of any liability; provided that this section shall not be applicable in the case

of any proceeding to enforce the provisions of this Settlement Agreement, or in the case of any defense against any claim released by the provisions of this Settlement Agreement.

10.     The terms of this Settlement Agreement shall be kept and remain strictly confidential and shall not be disclosed to any person or entity except: (a) the Parties' officers, and senior management; (b) the Parties' attorneys, bankers, accountants and similar professionals to the extent necessary for such professionals to perform their services; (c) as required by law, pursuant to a properly issued subpoena, any order of any court, or other authority or governmental agency with the authority to request information regarding the terms of or facts underlying the Settlement Agreement; or (d) in a judicial filing made in connection with a legal action seeking to enforce this Settlement Agreement. With respect to any disclosure pursuant to subsection (c) hereof, the party receiving the legal process (the "Receiving Party") must provide the other Parties to this Settlement Agreement at least fourteen (14) days written notice in advance of making any required disclosure. In the event that fourteen (14) days written notice is not possible, then the Receiving Party must provide as much written notice as possible to enable the other Parties to have the opportunity in which to object, limit or otherwise impose restrictions upon such disclosure.

11.     This Settlement Agreement constitutes the complete and entire understanding between the Parties with respect to the subject matter of the Settlement Agreement. It is expressly understood and agreed that this Settlement Agreement may not be altered, amended, modified or otherwise changed in any respect or particular whatsoever except by a writing duly executed by the Parties after the Execution Date of this Settlement Agreement.

12.     This Settlement Agreement, whenever called upon to be construed, shall be governed by the laws of the Commonwealth of Pennsylvania without giving effect to principles of conflicts of laws.

13.     When a period of time is computed hereunder, if the last day is a Saturday, Sunday, or on any day made a legal holiday by the laws of Pennsylvania or the United States, the period continues to run until the end of the next day that is not is a Saturday, Sunday, or legal holiday.

14.     The Parties hereby consent to the specific personal jurisdiction of the courts of Pennsylvania with respect to any action arising from or to enforce the terms of this Settlement Agreement.

15.     This Settlement Agreement was entered into after good faith, arms-length negotiations between the Parties. Each of the Parties agrees and acknowledges that it or he has read the Settlement Agreement prior to the time of execution, and fully understands and voluntarily accepts the terms of this Settlement Agreement. This Settlement Agreement has been entered into without any coercion and under no duress.

16.     Each of the Parties represents and warrants that the person executing this Settlement Agreement on behalf of the Party has the authority to execute this Settlement Agreement on behalf of the Party and thereby to bind the Party to this Settlement Agreement.

17.     This Settlement Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which together shall constitute one instrument. Execution and delivery of this Settlement Agreement by exchange of electronic copies hereto shall constitute a valid and binding execution and delivery of this Settlement Agreement by such Party.

18.     Any notice by one Party to another Party called for by this Settlement Agreement

shall be delivered by electronic mail to the following (or his/her respective successor-in-

function):

   Notice to CEVN Corporation and Joseph DeRogatis:

   Joseph DeRogatis
   jdero@cevn7.com


   Notice to The WOLF Organization, Inc., to:

   Donald B. Kaufman, Esq.  and  David R. Confer, Esq.
   dkaufman@mwn.com           DRConfer@WOLForg.net

---

## SIGNATURES APPEAR ON NEXT PAGE

In witness whereof, and **INTENDING TO BE LEGALLY BOUND HEREBY,** the

Parties have executed this Settlement Agreement as of the dates set forth below.

The WOLF Organization, Inc.

Date: **4.24.2015**

By: _Daniel R. Cumfan_

Title: **SECRETARY**

CEVN Corporation

Date:_____

By:_____

Title:_____

Date:_____

_____
Joseph DeRogatis (individually)

In witness whereof, and **INTENDING TO BE LEGALLY BOUND HEREBY**, the

Parties have executed this Settlement Agreement as of the dates set forth below.

The WOLF Organization, Inc.

Date:_____

By: _____

Title:_____

CEVN Corporation

Date: 4-29-15

By: _____

Title:_____

Date: 4-29-15

_____

Joseph DeRogatis (individually)